## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PREMIUM OF AMERICA, LLC, | * |
| Plaintiff | * |
| v. | * |
| William C. Sanchez, M.D. | *   CASE NO. 1:06MS00290 |
| and | * |
| William C. Sanchez, M.D., P.C., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF PREMIUM OF AMERICA, LLC'S
### MOTION FOR LEAVE TO CURE DEFECTIVE ALLEGATIONS
### OF JURISDICTION PURSUANT TO 28 U.S.C. § 1653

Plaintiff Premium of America, LLC ("POA"), through counsel, Paul S. Caiola, David G. Sommer, and Gallagher Evelius & Jones LLP, pursuant to 28 U.S.C. § 1653 and this Court's Order Withdrawing the Reference to the Bankruptcy Court, hereby respectfully requests that this Court: (1) grant POA's motion; (2) grant POA leave to amend the First Amended Complaint to cure the defective jurisdictional allegations in light of evidence that the District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332; (3) docket the Second Amended Complaint attached as Exhibit 2 to the accompanying Memorandum; and (4) grant POA such other and further relief as is necessary and just. The reasons for the Motion are set forth in the accompanying Memorandum.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 27, 2006 | /s/ David G. Sommer<br>Paul S. Caiola, Federal Bar #23940<br>David G. Sommer, Federal Bar #27581<br>Gallagher Evelius & Jones LLP<br>218 N. Charles Street, Suite 400<br>Baltimore, Maryland 21201<br>(410) 727-7702<br>*Attorneys for Plaintiff Premium of America, LLC* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PREMIUM OF AMERICA, LLC, | * |
| Plaintiff | * |
| v. | * |
| William C. Sanchez, M.D. | * |
| and | * |
| William C. Sanchez, M.D., P.C., | * |
| Defendants. | * |

CASE NO. 1:06MS00290

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF
PLAINTIFF PREMIUM OF AMERICA, LLC'S
MOTION FOR LEAVE TO CURE DEFECTIVE ALLEGATIONS
OF JURISDICTION PURSUANT TO 28 U.S.C. § 1653**

Plaintiff Premium of America, LLC ("POA"), through counsel, Paul S. Caiola, David G. Sommer, and Gallagher Evelius & Jones LLP, submits this memorandum in support of its Motion Leave to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 (the "Motion") and pursuant to the Order Withdrawing the Reference to the Bankruptcy Court, which this Court entered for purposes of, inter alia, "exercising jurisdiction over the entire proceeding if it determines that subject matter jurisdiction exists over [POA's] Investor-Related Claims." Accordingly, POA seeks relief under 28 U.S.C. § 1653 to amend the First Amended Complaint to re-state the defects in the jurisdictional allegations in light of evidence that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

On November 19, 2004, POA filed a Complaint in the United States Bankruptcy Court for this District against Defendants William C. Sanchez, M.D., and William C. Sanchez, M.D., P.C. ("Defendants"), alleging that Premium Escrow Services, Inc. ("PES") and certain individual investors suffered damages as a result of negligent life expectancy evaluations performed by Defendants in connection with the sale of viaticated life insurance policies. On February 2, 2005, POA filed a First Amended Complaint (the "Complaint"), which contains counts of negligence, negligent misrepresentation, and gross negligence. The Complaint alleged that the bankruptcy court had jurisdiction over the POA's claims pursuant to 28 U.S.C. §§ 157 and 1334.

Although POA did not allege jurisdiction on the basis of the parties' diverse citizenship pursuant to 28 U.S.C. § 1332, the facts supporting diversity jurisdiction existed at the time of the commencement of the action. For purposes of diversity jurisdiction, a limited liability company is a citizen of the states in which each of its members is a citizen. When POA filed the original complaint (and thereafter), none of POA's 4,531 members maintained citizenship in the District of Columbia. Affidavit of Ira Rigger, attached as Exhibit 1 ("Rigger Affidavit"), at ¶¶ 2-10 and Exhibits A-D. However, Defendants were both citizens of the District of Columbia at that time. When Defendants answered the Complaint on March 1, 2006, Dr. Sanchez admitted that he was a licensed physician who provided medical services in the District of Columbia. Defendants' Answer at ¶ 3. Dr. Sanchez was a citizen of the District of Columbia at that time, and had his principal residence at 2232 Q Street N.W., Washington, D.C. 20008-

2817, where he has lived since January of 1982.  Rigger Affidavit, ¶ 10 and Exhibit E (report from the D.C. Office of Tax and Revenue website showing that William Sanchez owns the residence located at 2232 Q Street N.W. in the District of Columbia for which he receives a tax "homestead deduction").  Moreover, Defendant William C. Sanchez, M.D., P.C. admitted in its Answer that it was a "Washington D.C. professional corporation which is in the business of providing medical care and . . . has its principal place of business in Washington D.C."  Defendants' Answer at ¶ 3. The Complaint sought damages in excess of $1,000,000 under each of the three counts against Defendants.

On December 23, 2005, just four weeks before the discovery deadline, Defendants filed a non-dispositive Motion to Dismiss Investor-Related Claims for Lack of Subject Matter Jurisdiction or, in the Alternative, for Severance of All Investor-Related Claims (the "Motion to Dismiss").  In the Motion to Dismiss, Defendants alleged that the investors' claims were obtained through collusive assignments, that POA lacked standing to assert investor claims, and that the bankruptcy court lacked subject matter jurisdiction over POA's claims.  Defendants expressly did not request dismissal of the claims asserted by POA on behalf of its predecessor in interest, PES.

On May 23, 2006, the bankruptcy court issued a Decision Regarding Defendants' Motion to Dismiss and entered an Order Granting Defendants' Motion to Dismiss and Related Relief (the "Order of Dismissal"), which dismissed POA's investor-related claims for lack of subject matter jurisdiction under 28 U.S.C. § 1334.  In general, the bankruptcy court concluded that the investor related claims were not "related to" the

bankruptcy case because those claims were never property of the debtor's estate. The bankruptcy court did not dismiss the claims asserted on behalf of PES. Order of Dismissal at 2. The Order of Dismissal states that "the ... dismissal, based on such dismissed claims having not fallen within the category of proceedings referred to the bankruptcy court under 28 U.S.C. § 157(a), is not an adjudication of whether the dismissed claims could be asserted in the district court." Id.

On June 2, 2006, POA filed a Motion to Vacate Order Dismissing Investor-Related Claims So That Plaintiff May Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 (the "Motion to Vacate"). In the Motion to Vacate, POA sought leave from the bankruptcy court to reallege the basis of federal jurisdiction pursuant to 28 U.S.C. § 1653 in light of evidence in the record that diversity jurisdiction pursuant to 28 U.S.C. § 1332 existed at the time the action was filed. POA also requested an immediate transfer of the adversary proceeding from the bankruptcy court to this Court. Defendants filed an Opposition to the Motion to Vacate on June 13, 2006.

POA attached to the Motion to Vacate several exhibits identifying the state or foreign nation of citizenship of each of POA's members as of the date POA filed its original complaint in November of 2004. POA provided evidence that the citizenship of its members (including those that are natural persons, trusts, estates, LLCs, and other corporations) were diverse from Defendants, both of which resided in the District of Columbia. The information contained in POA's exhibits originated from data compiled by POA to maintain contact with each of its members. The exhibits provided the most updated information regarding POA's members.

On June 13, 2006, the same day (and only hours after) Defendants filed their Opposition, the bankruptcy court entered an Order Denying Motion to Vacate and <u>Sua Sponte</u> Recommendation for Withdrawal of the Reference (the "Order Denying Motion to Vacate"). The bankruptcy court determined that "there is no mechanism in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the local [bankruptcy] rules that provides for the 'transfer' of a case by the bankruptcy court to the district court." Order Denying Motion to Vacate at 3. However, the bankruptcy court stated that it "recognize[d] the logic behind POA's request" and recommended to Chief Judge Hogan of this Court that he withdraw the reference <u>sua sponte</u> "so that the district court can decide whether it can assert subject matter jurisdiction over the Investor-Related Claims without requiring POA to initiate a separate proceeding first." <u>Id.</u>

Also on June 13, 2006, this Court entered an Order Withdrawing the Reference to the Bankruptcy Court (the "Order Withdrawing the Reference"). This Court ordered the reference of POA's claims to the bankruptcy court be withdrawn "for the purpose of the district court's determining whether it has subject matter jurisdiction over the so-called Investor-Related Claims . . . , and <u>for purposes of exercising jurisdiction over the entire proceeding if it determines that subject matter jurisdiction exists over the Investor-Related Claims</u>." Order Withdrawing the Reference at 2 (emphasis added). This Court further ordered that POA may file any motion for leave to amend its complaint to allege any basis for jurisdiction. <u>Id.</u>

Since June 3, 2006, POA has further investigated the citizenship of each of its members. Rigger Affidavit, ¶ 10. POA has contacted many of its members to determine

whether POA's records contained accurate information regarding the member's state of citizenship as of November 19, 2004, the date the action was filed in the bankruptcy court. Id. These recent efforts have confirmed that the citizenship of all members of POA were diverse from Defendants' at the time of POA's original complaint. Id. and Exhibits A-D.

## ARGUMENT

### POA Should Be Permitted to Amend the Complaint Pursuant to 28 U.S.C. § 1653 Because Diversity Jurisdiction Existed at the Time this Action Commenced.

28 U.S.C. § 1653 ("Section 1653") provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Courts have observed that Section 1653 "'speaks of amending 'allegations of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.'" Commercial Union Ins. Co. v. United States, 999 F.2d 581, 581 (D.C. Cir. 1993) (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989)). But where jurisdiction actually exists, Section 1653 authorizes such an amendment, even after a judgment or on appeal. Simpson v. Socialist People's Libyan Arab Jamahiriya, 326 F.3d 230, 233 (D.C. Cir. 2003) (citing Section 1653 and stating that "a plaintiff may amend a complaint to remedy a jurisdictional defect even as late as the appellate stage of proceedings"); Eisler v. Stritzler, 535 F.2d 148, 152 n.3 (1st. Cir. 1976) (noting that Section 1653 permits missing jurisdictional allegations to be supplied at any time, even on appeal). Indeed, "Section 1653's liberal amendment rule permits a party who has not proved, or even alleged, that

diversity exists to amend his pleadings even as late as on appeal." District of Columbia ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co., 797 F.2d 1041, 1044 (D.C. Cir. 1986). The key inquiry is whether the facts supporting diversity jurisdiction actually exist in the record. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 830-32. A party seeking to amend its allegations of jurisdiction may place the appropriate evidence of jurisdiction before the court by motion. See Transamerica, 797 F.2d at 1044.

In Transamerica, the plaintiff, a subcontractor, sued a surety on a payment bond. 797 F.2d at 1043. After judgment for the plaintiff, the surety appealed, arguing that the plaintiff failed to prove diversity in the district court. Id. The D.C. Circuit found that the plaintiff's failure properly to plead diversity was not fatal to its claims, and that "[a]mended allegations of diversity on appeal, if not contested, will also support the district court's judgment." Id. at 1044. The court then looked to evidence submitted by the plaintiff by motion on appeal in which the plaintiff "spelled out all the requisite details of incorporation and principal places of business to support that allegation." Id. Observing that "Section 1653 allows us to accept amended allegations of diversity," and that the defendant "does not in fact challenge the existence of diversity," the Transamerica court rejected this challenge and affirmed the district court's judgment. Id. at 1045.

In Roy v. Therdyne Corp., 1997 WL 159430, *2 (D.C. Cir. 1997), the D.C. Circuit again recognized a plaintiff's ability to cure defective allegations of jurisdiction by demonstrating that diversity of citizenship actually exists. The plaintiff in Roy brought a negligence action against four defendants in the United States District Court for the

District of Columbia. The plaintiff alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332 but stated in the Complaint that both she and one of the defendants, Medstar Surgical Supplies, Inc. ("Medstar"), were citizens of the District of Columbia. Id. at *1. To cure these defective allegations and establish diversity jurisdiction, the plaintiff sought to amend the complaint to dismiss Medstar as a defendant. Meanwhile, the three other defendants also moved to dismiss the case for lack of jurisdiction. The District Court granted the defendants' motion to dismiss on the grounds that, *inter alia*, Section 1653 does not permit a plaintiff to amend a facially defective complaint where the factual basis for diversity does not in fact exist. The District Court then denied the plaintiff's motion to amend the pleadings as moot. Id.

On appeal, the D.C. Circuit vacated the District Court's judgment. Id. The Court held that the plaintiff should have been permitted to amend the pleadings to drop the non-diverse defendant. Id. at *2. In addition, the Court pointed out that allowing amendment to the complaint might also be appropriate in light of evidence submitted to the appellate court that Medstar's citizenship was in fact diverse from the plaintiff's. The Court explained that "[i]f Medstar is not a citizen of the District, then complete diversity jurisdiction would in fact exist and [2]8 U.S.C. § 1653 would authorize the district court to correct the inadequate allegation of diversity in the [plaintiff's] complaint." Id. Because the plaintiff's evidence of diverse citizenship had been submitted only to the appellate court and not the District Court, the D.C. Circuit remanded the case to the District Court "to determine whether complete diversity in fact exists." Id. at *3.

Courts have found grounds to permit amendment to pleadings under Section 1653 even where a plaintiff seeks to cure its allegation of jurisdiction after defectively alleging jurisdiction under a different theory. In Commercial Union, 999 F.2d at 585-86, the plaintiff alleged diversity jurisdiction in a complaint against the United States. Because the United States "is not a citizen for diversity purposes," the D.C. Circuit held that federal diversity jurisdiction was lacking under Section 1332. Id. at 584. Relying on Section 1653, however, the D.C. Circuit allowed amended jurisdiction on appeal based on a federal question. Id. at 585-86. The Court concluded that the amendment "merely corrects a flawed statement of jurisdiction, not a flaw in the jurisdictional facts." Id. at 598.

LeBlanc v. Cleveland, 248 F.3d 95 (2d Cir. 2001), is also instructive. There, the plaintiff moved to vacate the judgment that had dismissed her action on the basis that admiralty jurisdiction was lacking. Id. at 97. Citing Section 1653 and Fed. R. Civ. P. 15, the plaintiff sought to amend her complaint to allege diversity jurisdiction. Id. The district court denied the motion to vacate, and the plaintiff appealed. Id. at 98. The Second Circuit reversed, holding that the district court abused its discretion in refusing to allow the plaintiff to amend her complaint to assert diversity jurisdiction. Id. at 100.[1]

---

[1] On its way to holding that the plaintiff could amend her complaint to restate the jurisdictional allegations, the LeBlanc court ruled on two related issues. First, it found that a non-diverse party was dispensable and could be dismissed pursuant to Fed. R. Civ. P. 21 in order to establish complete jurisdiction. Id. at 99. Second, the court found that the jurisdictional amendment related back to the date the suit originally was filed. Id. at 99-100. This issue was important because, by the date the plaintiff filed the motion to amend, she and the defendant were both New York citizens. Id. at 99. The court ruled

Here, relief under Section 1653 is appropriate because, as in <u>Transamerica</u>, <u>Roy</u>, <u>Commercial Union</u>, and <u>Leblanc</u>, the facts establishing diversity jurisdiction under 28 U.S.C. § 1332 existed at the time this action commenced.  28 U.S.C. § 1332 confers jurisdiction over claims asserted by citizens of one state against citizens of another state where the amount in controversy exceeds $75,000.  Section 1332 provides: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between -- (1) citizens of different states...."  To satisfy diversity of citizenship under Section 1332(a)(1), "no plaintiff may be a citizen of the same jurisdiction as any defendant." <u>Shulman v. Voyou</u>, 305 F. Supp.2d 36, 39 (D.D.C. 2004).  For purposes of diversity jurisdiction, the citizenship of an LLC is the citizenship of each of its members.  <u>Id.</u> at 40; <u>Hoffman v. Fairfax County Redevelopment & Housing Authority</u>, 276 F. Supp.2d 14, 18 (D.D.C. 2003).  The parties' citizenship is assessed as of the date of the original complaint where a plaintiff seeks to amend the pleadings to allege diversity jurisdiction.  <u>Leblanc</u>, 248 F.3d at 99-100.

Diversity of citizenship is satisfied in this action because, at the time POA filed the original complaint, seeking damages well exceeding $75,000, both Defendants were citizens of the District of Columbia, while POA's 4,351 members all were citizens of

---

that the facts pertaining to diversity jurisdiction should be assessed as of the date the complaint originally was filed, and held that diversity was present at that time.  <u>Id.</u> at 100.

foreign nations or states <u>other</u> <u>than</u> the District of Columbia.[2]  Rigger Affidavit, ¶¶ 2-10 and Exhibits A-D; <u>see also</u> Second Amended Complaint, attached as Exhibit 2, which POA requests be docketed by this Court.[3]  Thus, a basis for federal subject matter jurisdiction existed in fact, and the Complaint merely contained a defective allegation of jurisdiction.  Where, as here, only the jurisdictional allegations are defective but not the facts supporting that jurisdiction, Section 1653 provides the Court with discretion to allow POA to amend its jurisdictional allegations.  The failure to permit such amendment has been held to be an abuse of that discretion.  <u>LeBlanc</u>, 248 F.3d at 100; <u>see</u> <u>Snell v. Cleveland, Inc.</u>, 316 F.3d 822, 828 n.6 (9th Cir. 2002) (holding that the District Court erred in dismissing a plaintiff's complaint without leave to amend when the court was aware of a pleading defect that could have been saved by amendment).[4]  Accordingly, the

---

[2]  POA consists of members who are natural persons, corporations, estates, trusts, and limited liability companies.  Rigger Affidavit, ¶¶ 2-9 and Exhibits A-D.  For purposes of diversity jurisdiction under 28 U.S.C. § 1332, the citizenship of a natural person is determined by the person's domicile.  <u>Zuurbier v. MedStar Health, Inc.</u>, 306 F. Supp.2d 1, 4 (D.D.C. 2004).  A corporation's State of citizenship is "the State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Legal representatives of estates are citizens of the same State as the decedent.  <u>Id.</u> § 1332(c)(2).  When determining jurisdictional citizenship for a trust, courts look to the citizenship of the trustee who maintains it.  <u>See</u> <u>Navarro Sav. & Loan Ass'n v. Lee</u>, 446 U.S. 458, 462 (1980).  Even today, no POA members are citizens of the District of Columbia.

[3]  Attached hereto as Exhibit 3 is a black-lined copy of the Second Amended Complaint.

[4]  Defendants argued before the bankruptcy court that POA should be denied relief under Section 1653 so that, after re-filing, POA's claims can be subjected to statute of limitations and other jurisdictional defenses.  However, POA's requested relief is justified by the fact that Defendants intend to raise such defenses in an attempt to bar POA's claims completely.  Section 1653's liberal amendment rule permits parties to

Court should grant POA relief under Section 1653 and allow amendment to the Complaint to assert diversity jurisdiction under 28 U.S.C. § 1332.[5]

## CONCLUSION

For the foregoing reasons, POA respectfully requests that this Court: (1) grant POA's motion; (2) grant POA leave to amend the First Amended Complaint to cure the defective jurisdictional allegations in light of evidence that the District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332; (3) docket the Second Amended Complaint; and (4) grant POA such other and further relief as is necessary and just.

Respectfully submitted,

Dated: June 27, 2006

/s/ David G. Sommer
Paul S. Caiola, Federal Bar #23940
David G. Sommer, Federal Bar #27581
Gallagher Evelius & Jones LLP
218 N. Charles Street, Suite 400
Baltimore, Maryland 21201
(410) 727-7702
*Attorneys for Plaintiff Premium of America, LLC*

---

correct defective allegations of jurisdiction to prevent undue prejudice caused by having to re-file claims, such as POA's, which have been actively litigated for many months.

[5] Although Section 1653 alone provides this Court with discretion to allow POA to amend its pleadings to allege a correct basis for subject matter jurisdiction, it is also sometimes invoked in connection with Rule 15(a) to support allowing amendment to the pleadings. See 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1474 (2d ed. 1990) ("A number of federal courts have relied on [Section 1653] to allow Rule 15(a) amendments to cure several different types of deficient statements of subject matter jurisdiction at various stages of the action, although in several cases [Section 1653] is not mentioned."). Rule 15(a) provides in relevant part: "A party may amend the party's pleading ... by leave of the court ... and leave shall be freely given when justice so requires." To the extent that the language of Rule 15(a) is inconsistent with Section 1653, the statute supersedes the rule. See Wright & Miller, Federal Practice and Procedure § 1474.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 27th day of June, 2006, service of the foregoing Plaintiff's Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 and Memorandum in support thereof were made by electronic service upon the following parties:

>Brian J. Nash, Esq.
>Michael Sanders, Esq.
>Nash & Associates, LLC
>Cromwell Center, Suite 201
>809 Gleneagles Court
>Towson, Maryland 21286
>(410) 321-6660

>Alan M. Grochal, Esq.
>Stephen M. Goldberg, Esq.
>Tydings & Rosenberg, LLP
>100 East Pratt Street, 26th Floor
>Baltimore, Maryland 21202
>(410) 752-9700

>　　/s/ David G. Sommer　　
>David G. Sommer