IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | * | |
| PREMIUM ESCROW SERVICES, INC. | * | [Case No. 02-02358 (Chapter 11) in the Bankruptcy Court] |
| Debtor | * | |
| * * * * * * * | | |
| PREMIUM OF AMERICA, LLC | * | |
| Plaintiff | * | |
| v. | * | Misc. Case No. 1:06MS00290 TFH [Adversary Proceeding No. 04-10455 in the Bankruptcy Court] |
| WILLIAM C. SANCHEZ, M.D. | * | |
| and | * | |
| WILLIAM C. SANCHEZ, M.D., P.C. | * | |
| Defendants | * | |

* * * * * * * * * * * *

**MOTION TO STRIKE
MOTION FOR LEAVE TO CURE DEFECTIVE
ALLEGATIONS OF JURISDICTION PURSUANT TO 28 U.S.C. § 1653,
OR, IN THE ALTERNATIVE,
OPPOSITION TO MOTION
FOR LEAVE TO CURE DEFECTIVE ALLEGATIONS
OF JURISDICTION PURSUANT TO 28 U.S.C. § 1653**

Defendants William C. Sanchez, M.D., and William C. Sanchez, M.D., P.C., by their undersigned attorneys, file this Motion to Strike Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653, filed by Plaintiff Premium of America, LLC on June 27, 2006, or, in the Alternative, Opposition to Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653, and respectfully request that this Court:

RECEIVED

JUL 12 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

#528362v.1

(1) Grant Defendants' Motion to Strike Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 on the grounds that the Motion is premature as this Court has not yet withdrawn the reference to the Bankruptcy Court,

or, in the alternative,

(2) deny Plaintiff's Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 on the grounds that it lacks merit.

The reasons for the Motion and/or Opposition are set forth more fully in the attached Memorandum.

July 11, 2006

*[signature: Brian J. Nash (/mkm)]*
Brian J. Nash, D.C. Bar No. 230771
Nash & Associates, LLC
809 Gleneagles Court, Suite 201
Towson, Maryland 21286
(410) 321-6660

*[signature]*
Alan M. Grochal, D.C. Bar No. 315218
Stephen M. Goldberg, D.C. Bar No. 339705
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | * | |
| PREMIUM ESCROW SERVICES, INC. | * | [Case No. 02-02358 (Chapter 11) in the Bankruptcy Court] |
| Debtor | * | |
| * * * * * * * | | |
| PREMIUM OF AMERICA, LLC | * | |
| Plaintiff | * | |
| v. | * | Misc. Case No. 1:06MS00290 [Adversary Proceeding No. 04-10455 in the Bankruptcy Court] |
| WILLIAM C. SANCHEZ, M.D. | * | |
| and | * | |
| WILLIAM C. SANCHEZ, M.D, P.C. | * | |
| Defendants | * | |

* * * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE
MOTION FOR LEAVE TO CURE DEFECTIVE
ALLEGATIONS OF JURISDICTION PURSUANT TO 28 U.S.C. § 1653,
OR, IN THE ALTERNATIVE,
OPPOSITION TO MOTION
FOR LEAVE TO CURE DEFECTIVE ALLEGATIONS
OF JURISDICTION PURSUANT TO 28 U.S.C. § 1653**

Defendants William C. Sanchez, M.D., and William C. Sanchez, M.D., P.C., by their undersigned attorneys, file this Memorandum of Law in support of their Motion to Strike Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653, filed by Plaintiff Premium of America, LLC on June 27, 2006, or, in the Alternative, Opposition to Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653, and in support thereof state:

#528362v.1

## INTRODUCTION

The Plaintiff's Motion should be stricken, in its entirety, from the Court's docket because it is premature. Procedurally, this Court has not yet decided whether to withdraw the reference to the Bankruptcy Court, which means that these proceedings are still pending, in their entirety, in that court. Therefore, Plaintiff's Motion is premature.

Further, substantively, even if this Court assumes jurisdiction of those claims remaining in the bankruptcy court – the Bankruptcy Court, <u>prior</u> to its *sua sponte* recommendation, dismissed the Investor-related claims. Accordingly to the extent this Court adopts the Bankruptcy Court's recommendation and withdraws the reference, only those claims still remaining, that is, the PES-related claims, can be withdrawn. The Investor-related claims have been dismissed, and no appeal has been filed. Plaintiff should not be permitted to amend its allegations of jurisdiction at this late date, which would have the effect of collaterally attacking the Bankruptcy Court's dismissal of the claims without an appeal and without requiring Plaintiff to face any new defenses, including the statute of limitations.

Finally, even if this Court determines that, if it granted Plaintiff's Motion, the Investor-related claims could be amended back into the proceedings, 28 U.S.C. § 1653, which governs Plaintiff's request, does not contemplate amendment under the facts of this case.

## BACKGROUND

On December 9, 2002, Premium Escrow Services, Inc. (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. (Bankruptcy Court First Amended Complaint ("Complaint") at ¶ 15.) The Debtor continued to operate in its

business as a debtor-in-possession until August 12, 2003, when this Court confirmed its First Amended Plan of Reorganization, as revised (the "Plan").[1] (Complaint at ¶ 1.)

The classification and treatment of claims was set forth in Article 3 of the Plan. (Plan at 6.) Class 2 consists of the claims of "Investors" and provides, in relevant part, for the following treatment:

> As of the Effective Date, the Investors will contribute to Premium LLC all of their interests in the Viatical Policies, together with any claims that they may have against the Debtor, Beneficial or any present or former officer, director or employee of the Debtor or Beneficial or any third party which was retained by Beneficial and/or the Debtor in connection with the marketing, sale and administration of the Viatical Policies. Investors will receive a percentage of the equity in Premium LLC. As set forth in Article 7 below, the Investors will receive distributions from Premium LLC on a regular basis as the Viatical Policies mature.

(Plan at 6-7.) An "Investor" is defined as "Any Entity who owns an interest in a Viatical Policy brokered, sold or marketed by Beneficial and administered by PES, and the proceeds from such interest had not been paid to such Entity as of the Petition Date..." (Plan at 4.)

On November 19, 2004, this adversary proceeding was commenced in the Bankruptcy Court. The First Amended Complaint was filed on February 2, 2005. The gravamen of the action is that Defendants were allegedly negligent in providing inaccurate life expectancy projections on which the Debtor and its Investors allegedly relied.

Defendants filed a Motion to Dismiss the Investor-related claims on December 23, 2005, to which Plaintiff filed a response. In a Memorandum and Order, dated May

---

[1] The Reorganization Plan is part of the record in Bankruptcy Case No. 02-2358. The Plan was also appended to Defendants' Motion to Dismiss in this matter.

#528362v.1                            3

23, 2006, the Bankruptcy Court granted Defendants' Motion, and ordered that "all counts in the amended complaint filed by plaintiff Premium of America, LLC in this adversary proceeding ... are DISMISSED except insofar as those counts refer to causes of action previously held by the debtor Premium Escrow Services, Inc." (Order at 2.)

The court's Order also stated: "the foregoing dismissal, based on such dismissed claims having not fallen within the category of proceedings referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a), is not an adjudication of whether the dismissed claims could be asserted in the district court[.]"

Presumably based on this language, Plaintiff filed a Motion to Vacate Order Dismissing Investor-Related Claims so that Plaintiff May Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 ("Motion to Vacate") in the Bankruptcy Court. The Bankruptcy Court denied Plaintiff's Motion to Vacate, but recommended, *sua sponte*, that the reference to that Court be withdrawn with respect to the entire proceeding. The Bankruptcy Court anticipated that Plaintiff might seek to assert the Investor-related claims in this Court, and sough efficient use of judicial resources.

## ARGUMENT

Plaintiff's Motion in this Court is premature, as this Court has not rendered a decision withdrawing the reference to the Bankruptcy Court with respect to these proceedings. The Plaintiff's Motion should be stricken for that reason.

Moreover, even if the Court considers the substance of Plaintiff's Motion, it should be denied. First, amendment of the Complaint would be futile – the reference will be withdrawn only to the extent of whatever claims remain in the Bankruptcy Court's proceeding – the Investor-related claims are no longer part of that proceeding, and even

#528362v.1                                    4

amending allegations of jurisdiction will not change the dismissal. If Plaintiffs are to be permitted to litigate those claims in this Court, they cannot regain jurisdiction after dismissal simply by amending the Complaint. Plaintiff should be required to re-file the Investor-related claims – because they were, in fact, dismissed – and be subjected to any new defenses Defendants could raise as to the jurisdiction of this Court or the applicable statute of limitations.

Second, Plaintiff is the master of its Complaint. It filed the Complaint in the Bankruptcy Court and Defendants demonstrated, after significant litigation, that that court lacked jurisdiction over the Investor-related claims. Plaintiff should not be permitted to circumvent that ruling and its failure to appeal, and the attendant statute of limitations problems it faces by simply refiling in this Court, subjecting it to new defenses by Defendants.

In the event this Court does not strike Plaintiff's Motion, or deny the request, Defendants respectfully request that they be permitted to engage in discovery for the limited purpose of determining whether Plaintiff's allegations of jurisdiction are, in fact, correct. Plaintiff's allegations of jurisdiction are based on contact information for individual investors – that information may or may not be correct or indicative of citizenship.

### A.  Plaintiff's Motion is Premature because this Court has not yet Withdrawn the Reference to the Proceeding.

On June 13, 2006, the United States Bankruptcy Court for the District of Columbia issued an Order recommending that the District Court withdraw the reference for the case, in its entirety, "so that the district court can decide whether it can assert subject matter jurisdiction over the Investor-Related Claims without requiring POA to

#528362v.1                                5

initiate a separate proceeding first." (Order Denying Motion to Vacate and *Sua Sponte* Recommendation for Withdrawal of Reference at 3-4.) The Bankruptcy Court's recommendation was forwarded to this Court. As of the date of this Motion, this Court has not yet ruled on the recommendation.

11 U.S.C. § 157(d) provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." The District Court's Local Rules provide procedures for requesting withdrawal of the reference, either by the Bankruptcy Court or a party. The Rules specifically state: "The filing of a motion to withdraw the reference does not stay proceedings in the Bankruptcy Court." Local Bankruptcy Rule 5011-2(c). The Rules also state that: "Any motion and any *sua sponte* request by the Bankruptcy Judge to withdraw the reference shall be referred to the Chief Judge or the Chief Judge's designee <u>for decision</u> … This Court may, in its discretion grant or deny the motion to withdraw the reference, in whole or in part." *Id.* at 5011-2(f) (emphasis added). As one court noted: "A *sua sponte* recommendation by the Bankruptcy Court for withdrawal of the reference is unusual." *In re Moody*, 64 B.R. 594, 595 (1986).

The withdrawal of the reference is not complete until this Court enters an Order to that effect. This Court has not yet entered that Order. Until this Court reasserts jurisdiction over this proceeding, Plaintiff's attempts to litigate this matter in this Court must be stricken.

**B. Plaintiff is the Master of This Case, and Should Not Be Permitted to Assert New Grounds for Jurisdiction Because Its Litigation Strategy Failed -- Granting POA's Motion Would Reward Plaintiff's Blatant Forum Shopping.**

Plaintiff impermissibly seeks to sustain jurisdiction on a theory it has not previously advanced in an effort to make an end run around the law. Its action, which constitutes blatant forum shopping, should not be permitted.

According to the Supreme Court:

> Jurisdiction may not be sustained on a theory that the plaintiff has not advanced. See *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915) ("[T]he plaintiff is absolute master of what jurisdiction he will appeal to"); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon"). See also *United States v. Mottaz*, 476 U.S. 834, 850, 106 S.Ct. 2224, 2233, 90 L.Ed.2d 842 (1986).

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986). The District of Columbia Court of Appeals has also noted:

> [The provisions of 28 U.S.C. § 1653] certainly do not give the court authority, *sua sponte*, to construct petitioners' case for them. We are skeptical, moreover, whether amendments to the allegations of redressability are appropriate in this case. As one of us has said in another context, "[a] lawsuit is not a continuing dialogue with the judiciary in which a party may try different theories of standing until one succeeds." *Center for Auto Safety*, 847 F.2d at 877 n.2 (opinion of Silberman, J.).

*Dellums v. U.S. Nuclear Regulatory Comm'n*, 863 F.2d 968, 975 n.8 (D.C. Cir. 1988). This rationale is applicable in this case -- Plaintiff cannot bounce between theories of jurisdiction, and courts, until their matter is accepted, all while tolling the statute of limitations because they incorrectly initially filed in the Bankruptcy Court. Although Section 1653 may permit a plaintiff to amend defective pleadings, the statute does not, nor should it, permit a plaintiff to employ an entirely new jurisdictional statement.

POA's Motion is nothing more than a blatant attempt at forum shopping. Because the Bankruptcy Court has ruled that it does not have jurisdiction to adjudicate Plaintiff's Investor-related claims, it seeks to reassert those claims in this Court first, by way of vacating the dismissal the Bankruptcy Court and transferring the matter to this Court in an effort to avoid the expiration of the statute of limitations and, after that tactic failed, attempting to amend their Complaint to provide entirely new allegations of jurisdiction.

POA sought to have its rights adjudicated in the Bankruptcy Court by filing its complaint there. If, as POA contends, diversity existed at the time the Complaint was filed, this matter could have been originally filed in the District Court and the parties could have been saved the time and expense of litigating Defendants' Motion to Dismiss and Motion to Withdraw the Reference, as well as Plaintiff's Motion to Vacate. POA did not file this matter in this Court. In fact, POA vigorously opposed Defendants' attempts to withdraw the reference in this case to the District Court, which, if permitted, would have prevented significant litigation in this matter.

Defendants challenged the Bankruptcy Court's jurisdiction as to the Investor-related claims. That Court agreed that it lacked jurisdiction over the Investor-related claims, and dismissed those claims. POA's litigation strategy failed. Plaintiff now seeks another chance to re-litigate its claims in this Court. Plaintiff should not be permitted to bypass the requirements of Section 1653 in order to salvage its mistake.

### C. Even if Plaintiff is Permitted to Amend Its Complaint, the Investor-Related Claims Have Been Dismissed and Cannot Be Reinstated Simply by an Amendment.

After considering Defendants' Motion to Dismiss as to the Investor-Related claims, the Bankruptcy Court dismissed those claims. Plaintiffs filed a Motion to Vacate

the dismissal, which was denied, but no appeal was taken. The dismissal of the Investor-related claims from the adversary proceedings is now final. Thus, if and when this Court withdraws the reference in this proceeding, only the PES-related claims remain in this proceeding. Plaintiff should not be permitted to amend its Complaint to add thousands of potential claims that have already been dismissed – permitting Plaintiff to amend its Complaint in that fashion would simply overrule, without an appeal, the Bankruptcy Court's dismissal.

### D. Plaintiff Should Not Be Permitted to Amend Its Complaint because 28 U.S.C. § 1653 Does Not Contemplate Amendments in Factual Circumstances Such as are Presented in this Proceeding.

Assuming that this Court determines that it would not be futile for Plaintiff to amend its Complaint to re-assert the Investor-related claims, the amendment should not be permitted because it is not of the type contemplated by the governing statute, 28 U.S.C. § 1653 and permitting the amendment would be inequitable.

28 U.S.C. §1653 provides:

> Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

Based on this limited language, POA seeks to assert a new basis for jurisdiction, which was not previously mentioned, contained in the record, or otherwise alleged. Plaintiff is not attempting to "cure" a defective statement of jurisdiction, but to assert a new basis of jurisdiction that has not been asserted previously -- such an assertion is not permitted by the controlling construction, or a reasonable reading, of 28 U.S.C. § 1653.

### 1. Plaintiff Ignores that 28 U.S.C. § 1653 Permits Only Amendments of "Defective Allegations" of Jurisdiction, not Assertion of New Jurisdictional Facts.

Plaintiff seeks not to amend a defective allegation of jurisdiction in the Bankruptcy Court, but to amend its First Amended Complaint so that jurisdictional facts would be alleged that might confer jurisdiction on this Court. Plaintiff does not seek to merely correct a flawed jurisdiction allegation, but to change the jurisdictional facts alleged to assert a new basis for jurisdiction in a different court. Plaintiff leaves out an important element from its discussion of the requirements for an amended statement of jurisdiction pursuant to 28 U.S.C. § 1653 – the newly asserted statement of jurisdiction must be found within the record before the originating court. In none of the cases cited by Plaintiff does the plaintiff assert an entirely new basis for jurisdiction -- the statutory purpose of Section 1653 is to prevent unnecessary dismissals where jurisdiction may be demonstrated, or at least hinted to, in the existing record. Until Plaintiff's Motion to Vacate was filed in the Bankruptcy Court, there was no evidence in this record of diversity of the parties.

According to the Supreme Court: "§ 1653 speaks of amending 'allegations of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). The Court further stated:

> Surely a change that would empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before is much more than a change in phraseology. Furthermore, every Court of Appeals that has considered the scope of § 1653 has held that it allows appellate courts to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.

*Id.* at 831-32. A court's authority to amend jurisdictional allegations is not unlimited: "While we are cognizant that '[d]efective allegations of jurisdiction may be amended,' 28 U.S.C. § 1653, courts are not obliged to indulge litigants indefinitely, especially when their amendments constitute futile gestures." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.21 (D.C. Cir. 1983). *See also Garza v. Midland Nat'l Ins. Co.*, 256 F.Supp. 12, 14 (S.D.Fla. 1966) ("[28 U.S.C. § 1653] refers only to 'defective' allegations of jurisdiction, not 'missing' allegations....To add a new allegation of jurisdiction, as defendant seeks to do here, is not permitted by the statute or the Supreme Court."); *Smith v. Fisher Pierce Co.*, 248 F.Supp. 815, 816 (E.D.Tenn 1965) ("While 28 U.S.C. § 1653 permits defective allegations of jurisdiction to be amended in this court, this section permits amendment to cure defects only of form, not of substance."); *Barrientos v. UT-Battelle, LLC*, 284 F.Supp.2d 908, 912 (S.D.Ohio 2003) ("Under 28 U.S.C. § 1653, allegations of jurisdiction may be amended when defective. This provision may not be 'invoked to claim an entirely new and distinct jurisdictional basis.' *Holt v. Lockheed Support Sys.*, 835 F.Supp. 325, 327 (W.D.La. 1993). Amendments should do nothing more than set forth in proper form something imperfectly stated in the original notice of removal. *Jackson v. Metro. Life Ins. Co.*, 433 F.Supp. 707, 709 (E.D.Ky. 1977); *Cline v. Belt*, 43 F.Supp. 538, 540 (E.D.Ky. 1942)."); *Arancio v. Prudential Ins. Co. of America*, 247 F.Supp. 2d 333, 337 (S.D.N.Y. 2002) ("Although a removing party may be given leave to cure a defective ground for removal under 28 U.S.C. § 1653 barring "'total absence of jurisdictional foundations,'" *see, e.g., Grow Group, Inc. v. Jandernoa*, 94 Civ. 5679(RPP), 1995 WL 60025 (S.D.N.Y. Feb. 10, 1995) ... such amendments are in the

court's discretion and are intended to preserve jurisdiction where it exists but was *defectively stated*." (citations omitted, emphasis in original).).

In this case, the amendment sought by Plaintiff is to remedy defective jurisdictional facts and is not permitted by the language or judicial construction of § 1653. Plaintiff seeks to re-craft its First Amended Complaint to state facts that create jurisdiction in this Court. Plaintiff's request, facially, is not permitted by the clear jurisprudence in this case – the cases cited by Plaintiff in support of its Motion are far more limited than the request made by Plaintiff.

### 2. The Cases Relied Upon by Plaintiff are Distinguishable Because POA, Unlike Plaintiffs in the Cited Cases, Made No Allegations of Diversity of Jurisdiction in its First Amended Complaint.

The Plaintiff relies primarily on three cases to support its argument: *District of Columbia et rel. Am. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1044 (D.C. Cir. 1986), *Roy v. Therdyne Corp.*, 1997 WL 159430 (D.C. Cir. 1997), and *LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir. 2001). Each of these cases is distinguishable from the present case because *Transamerica* and *Roy* involve cases where jurisdictional allegations were in the record before the court, although defectively stated – unlike this case where there were no allegations supporting diversity of the parties' citizenship in the record. *LeBlanc* does not support Plaintiff's position because it weighs the equities of permitting the amendment, which, in this case, weigh heavily in favor of Defendants, who have already successfully challenged jurisdiction once.

>    *a.    In* Transamerica, *Some Statement Alleging Diversity Jurisdiction Existed in the Record – the Court Did Not Consider the Effect of Absent Allegations of Diversity Jurisdiction.*

In *Transamerica, supra,* the prime contractor in a public works contract was required to obtain performance and payment bonds. When the prime contractor did not pay a subcontractor in full, the subcontractor brought suit under the District of Columbia's Little Miller Act against the provider of the payment bond, Transamerica Insurance Company. Transamerica argued on appeal that diversity of citizenship was not proven at trial and did not exist. According to the Court: "Whether or not diversity existed in fact, the complaint in this case was defective in that it failed to properly allege such diversity. Although the complaint stated that 'jurisdiction is vested in this Court in that there is diversity of citizenship between the parties,' Complaint ¶ 3, the requisite underlying facts were not properly alleged." *Transamerica, supra,* 797 F.2d at 1044. The Court determined that the complaint was "defective," with respect to alleging diversity jurisdiction. *Id.*

The Court stated: "In general, 'a [d]efective allegation[ ] of jurisdiction may be amended, upon terms, in the trial or appellate courts.' 28 U.S.C. § 1653. Section 1653's liberal amendment rule permits a party who has not *proved*, or even alleged, that diversity exists to amend his pleadings even as late as on appeal." *Id.* The Court then noted that, "[Plaintiff's] failure to initially plead the elements necessary to make out a showing of diversity does not in and of itself deprive us of jurisdiction. The whole record may be searched to determine if diversity existed. If the record supports a finding that diversity was present, we need not vacate the district court's judgment. Amended allegations of

diversity, made on appeal, if not contested will also support the district court's judgment." *Id.*

The Court did not, however, consider what would occur in the present case, where the complaint's allegations of diversity jurisdiction are not "defective," but are nonexistent. Other courts, which have considered nonexistent jurisdictional allegations, have found that amendments are not proper in such cases, as discussed *supra* at pages 10-11.

>   b.   In <u>Roy</u>, Some Statement Alleging Diversity Jurisdiction Existed in the Record – the Court Did Not Consider the Effect of Absent Allegations of Diversity Jurisdiction.

Plaintiff's reliance on *Roy v. Theradyne Corp.*, 1997 WL 159430 (D.C. Cir. 1997), is similarly misplaced. In *Roy*, an individual plaintiff who resided in the District of Columbia was injured when her wheelchair collapsed. Just before the statute of limitations on her action ran, the plaintiff filed suit. The plaintiff in *Roy* alleged that subject matter jurisdiction existed based on diversity of the parties. *Id.* at *1. The complaint alleged that the plaintiff was a resident of the District of Columbia, that two defendants were Minnesota corporations, that a third defendant was an Ohio corporation, and that the final defendant was a corporation organized under the laws of the District of Columbia. *Id.* The District Court ordered the plaintiff to show cause why the complaint should not be dismissed on the grounds that complete diversity did not exist. *Id.* The plaintiff sought to amend her complaint to dismiss the non-diverse defendant and add federal claims. The District Court dismissed the complaint, and the plaintiff appealed. *Id.*

On appeal, the Court of Appeals considered the implications of 28 U.S.C. § 1653 on the plaintiff's request and District Court's ruling. The Court stated that, where diversity jurisdiction may have existed, and may have been apparent in the record, "§ 1653 would authorize the district court to correct the inadequate allegation of diversity jurisdiction in [plaintiff's] complaint. *See Newman-Green*, 409 U.S. at 830-32 (section 1653 allows courts to remedy defective allegations of jurisdiction where jurisdiction in fact exists); *Transamerica*, 797 F.2d at 1044 (section 1653 permits amendment to correct defectively alleged jurisdiction if record supports finding diversity present)." *Id.* at *2.

As in *Transamerica*, the plaintiff in *Roy* alleged that diversity jurisdiction existed in her initial pleading. Although her allegation of jurisdiction was defective, the defendants were on notice to contest jurisdiction on that grounds. In this case, Defendants had no notice that Plaintiff contended the parties were diverse because there was simply no allegation on which to even consider diversity jurisdiction in the First Amended Complaint.

> c.  In *LeBlanc*, as in the Other Cases Cited but Not in the Present Case, Some Statement of the Jurisdiction Sought to be Asserted Could be Found in the Record.

In *LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir. 2001), the plaintiffs were injured when their rented kayak was struck by a motor boat on the Upper Hudson River. The plaintiffs brought suit in federal court, invoking the court's admiralty jurisdiction. The District Court determined that the Hudson River was not navigable water, and the court did not have admiralty jurisdiction over the plaintiffs' claims. *Id.* at 99. Admittedly, it is not clear from the Circuit Court's decision when the plaintiff first alleged any facts supporting the existence of diversity jurisdiction.

The Court held that the complaint should be reinstated and certain amendments to the pleadings permitted to reinstate the complaint. *Id.* at 101. The Court specifically looked to the likelihood of prejudice to the defendants in reinstating the suit:

> [The defendant] will not suffer undue prejudice as a result of these amendments. ... [The defendant] has had notice of the complaint from the date it was filed. We agree with [plaintiff's] contention that [the defendant] will not be required to incur significant additional expenses to prepare for trial, as it filed its motion to dismiss for lack of subject-matter jurisdiction on the day before trial was originally scheduled to commence. Therefore, trial preparations and discovery have already been substantially completed.

*Id.* at 100. This consideration weighs <u>against</u> permitting POA to amend its First Amended Complaint further. In this case, the parties have expended considerable time and expense litigating both Defendants' Motion to Dismiss and Motion to Withdraw the Reference. Defendants promptly filed their Motion to Dismiss and Motion to Withdraw the Reference – Plaintiff, the only party that could be aware of the parties' diverse citizenship, waited until that litigation had proceeded to finality to raise the question of diversity jurisdiction.

Discovery has not been completed in this case and there is, by all accounts, considerable discovery remaining. The equities are against Plaintiff in its attempt to side step a statute of limitations or other jurisdictional defense in this Court after its initial strategy failed, twice, in the Bankruptcy Court.

## **CONCLUSION**

Plaintiff's forum shopping and attempts to bypass the requirements of the law should not be rewarded – its Motion to Amend should be denied in its entirety. The outcome sought by Plaintiff is entirely inequitable – Plaintiff seeks to protect itself from

possible jurisdictional defenses in this Court by seeking to have the amendments "relate back" to the original filing in this case. This back door attempt to avoid the implications of the Bankruptcy Court's Order, and Plaintiff's failure to appeal, must be denied.

July 11, 2006

*Brian J. Nash (/s/)*
Brian J. Nash, D.C. Bar No. 230771
Nash & Associates, LLC
809 Gleneagles Court, Suite 201
Towson, Maryland 21286
(410) 321-6660

Alan M. Grochal, D.C. Bar No. 315218
Stephen M. Goldberg, D.C. Bar No. 339705
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2006, a copy of the foregoing Motion to Strike Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653, or, in the Alternative, Opposition to Motion for Leave to Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653, Memorandum of Law in support thereof, and proposed Order were sent either electronically or mailed, first-class, postage-prepaid, to:

>Paul S. Caiola, Esquire
>David G. Sommer. Esquire
>Gallagher Evelius & Jones, LLP
>218 N. Charles Street, Suite 400
>Baltimore, Maryland 21201

_____
Stephen M. Goldberg, D.C. Bar No. 339705

#528362v.1                              3