The order below is hereby signed.

Signed: June 13, 2006.



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
PREMIUM ESCROW SERVICES,       )    Case No. 02-02358
INC.,                          )    (Chapter 11)
                               )
            Debtor.            )
                               )
_____)
                               )
PREMIUM OF AMERICA, LLC,       )
                               )
            Plaintiff,         )
                               )
        v.                     )    Adversary Proceeding No.
                               )    04-10455
WILLIAM C. SANCHEZ and         )
WILLIAM C. SANCHEZ, M.D.,      )
P.C.,                          )
                               )
            Defendants.        )

ORDER DENYING MOTION TO VACATE AND
_SUA SPONTE_ RECOMMENDATION FOR WITHDRAWAL OF THE REFERENCE

On May 23, 2006, the court entered an order granting the

Motion to Dismiss Investor-Related Claims for Lack of Subject

Matter Jurisdiction or, in the Alternative, for Severance of All

Investor-Related Claims filed by defendants William C. Sanchez

and William C. Sanchez, P.C. (D.E. No. 31, filed December 23,

2005).  The order dismissed all counts in the amended complaint



EXHIBIT
1

filed by plaintiff Premium of America, LLC ("POA") in this adversary proceeding except insofar as those counts referred to causes of action previously held by the debtor Premium Escrow Services, Inc. The court decided that the dismissed claims were not the types of claims that could be referred to the bankruptcy court.

In its order and accompanying decision, the court expressly declined to consider whether the dismissed claims could be asserted in the district court. Instead, the court dismissed the so-called "Investor-Related Claims" because such claims do not affect the property of the debtor's estate and therefore do not fall within the category of claims that can be referred by the district court to this court. There remains an open question as to whether the claims can be asserted at the district court level.

Rather than appeal or move for reconsideration of the merits of this court's order and decision, POA asks that the court grant it an opportunity to amend its complaint so that it can plead the elements necessary for a district court to assert diversity jurisdiction over the Investor-Related Claims pursuant to 28 U.S.C. § 1332 (D.E. No. 68, filed June 5, 2006). POA requests that the court then "transfer" this proceeding to the district court upon the amendment of its complaint. This would alleviate any unnecessary duplication caused by the filing of a separate

civil proceeding in the district court to address the Investor-Related Claims while this court adjudicated the merits of the claims transferred to POA by Premium Escrow Services, Inc.

There is no mechanism in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the local rules of this court that provides for the "transfer" of a case by this court to the district court. Moreover, it would be pointless for this court to permit POA to amend its complaint to re-state the Investor-Related Claims when those claims would necessarily be subject to dismissal under FED. R. CIV. P. 12(b)(1) (as incorporated by FED. R. BANKR. P. 7012) so long as the instant proceeding is before this court. See Gaubert v. Fed. Home Loan Bank Bd., 863 F.3d 59, 69 (D.C. Cir. 1988) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)). For these reasons, the court will deny POA's motion to vacate its prior order of dismissal.

Nevertheless, the court recognizes the logic behind POA's request. It makes no sense to have the same parties litigating the same issues before both the bankruptcy court and the district court at the same time. The court therefore recommends to Chief Judge Hogan of the district court that he withdraw the reference in this case sua sponte so that the district court can decide whether it can assert subject matter jurisdiction over the Investor-Related Claims without requiring POA to initiate a

3

separate proceeding first.[1]

Pending before Chief Judge Hogan already is the defendants'
motion to withdraw the reference for purposes of conducting a
jury trial in the district court (but with the bankruptcy court
to retain jurisdiction over pretrial matters),[2] and that motion
requires no action at this time.  That motion will be moot if the
reference is withdrawn and jurisdiction is determined to exist in
the district court over the Investor-Related Claims.

If the district court decides that it has no jurisdiction
over the Investor-Related Claims, the motion will have to be
addressed.  It would work, as requested in that motion, to let
the bankruptcy court handle pretrial matters regarding the non-

---

[1]  The plaintiff might argue that the district court has
pendent jurisdiction over the claims (which would present a
difficult issue identified in this court's decision regarding the
defendants' motion to dismiss).  Alternatively, the plaintiff
could file a motion in the district court for leave to amend the
complaint to assert diversity jurisdiction (as was attempted in
the instant motion to vacate).

[2]  Both parties agree that any jury trial must be held in
the district court.  The opposition to the motion to withdraw the
reference argues that the right to a jury trial (even though the
defendants timely demanded a jury trial) was waived by reason of
delay in filing the motion to withdraw the reference, a
contention this court finds dubious.

Investor-Related Claims[3] as is proposed in the defendants' motion

to withdraw the reference.

However, if the district court determines that it has

jurisdiction over the Investor-Related Claims, the district court

could not refer to the bankruptcy court pretrial proceedings on

the Investor-Related Claims.  The district court judge assigned

the case could nevertheless decide whether it makes sense for the

bankruptcy court to hear certain pretrial proceedings on the non-

Investor-Related Claims (for example, proposing a disposition

under 28 U.S.C. § 157(c)(1) of any motions for summary

judgment).[4]

The bankruptcy court thus recommends that Chief Judge Hogan

(1) assign the defendants' motion to withdraw the reference to

the district court judge who is assigned the case (to decide in

the event that the district court is determined to lack

jurisdiction over the Investor-Related Claims), and (2) vest the

district court judge with authority to refer to the bankruptcy

court any aspects of the non-Investor-Related Claims as that

---

[3]  So that it will be clear when any aspects of the case
have been referred back to the bankruptcy court if jurisdiction
over the Investor-Related Claims is found lacking in the district
court, the bankruptcy court recommends that the withdrawal of the
reference remain in place, absent an order directing otherwise,
pending disposition of the defendants' motion to withdraw the
reference.

[4]  This court has determined (see Docket Entry No. 63) that
the proceeding is a non-core matter governed by § 157(c)(1).

5

judge deems appropriate regardless of the outcome of the issue of the jurisdiction of the district court over the Investor-Related Claims.

Accordingly, it is

ORDERED that POA's Motion to Vacate Order Dismissing Investor-Related Claims So That Plaintiff May Cure Defective Allegations of Jurisdiction Pursuant to 28 U.S.C. § 1653 (D.E. No. 68, filed June 5, 2006) is DENIED; and it is further

ORDERED that the clerk of the court forward a copy of this order and recommendation to Chief Judge Hogan of the district court for his consideration, together with a proposed order (copy attached) for withdrawal of the reference, as well as a copy of the docket entries sheet and copies of D.E. Nos. 62, 63, 66 (re-docketed as D.E. No. 68), and 67.

[Signed and dated above.]

Copies to: All counsel of record.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
PREMIUM ESCROW SERVICES,        )      [Case No. 02-02358
INC.,                           )         (Chapter 11)
                                )      in the Bankruptcy Court]
          Debtor.               )
                                )
_____  )
                                )
PREMIUM OF AMERICA, LLC,        )
                                )
          Plaintiff,            )
                                )      Miscellaneous No. _____
          v.                    )      [Adversary Proceeding No.
                                )      04-10455 in the Bankruptcy
WILLIAM C. SANCHEZ and          )      Court]
WILLIAM C. SANCHEZ, M.D.,       )
P.C.,                           )
                                )
          Defendants.           )

ORDER WITHDRAWING THE REFERENCE TO THE BANKRUPTCY COURT

Pursuant to the bankruptcy court's *sua sponte* recommendation for withdrawal of the reference, it is

ORDERED that the reference to the bankruptcy court of the above-indicated adversary proceeding pending in the bankruptcy court is withdrawn for the purpose of the district court's determining whether it has subject matter jurisdiction over the so-called Investor-Related Claims (as identified in the bankruptcy court's Decision Regarding Defendants' Motion to Dismiss and which the bankruptcy court determined could not be referred to it under 28 U.S.C. § 157(b)), and for purposes of exercising jurisdiction over the entire proceeding if it

determines that subject matter jurisdiction exists over the Investor-Related Claims.  It is further

ORDERED that the plaintiff file any motion for leave to amend the complaint to allege any additional basis for jurisdiction within 14 days after entry of this order.  It is further

ORDERED that the clerk assign a civil action number to this proceeding and assign the action to a district court judge.  It is further

ORDERED that if it is determined that the district court has no jurisdiction over the Investor-Related Claims, the district court judge assigned this matter shall act on the defendants' motion to withdraw the reference, and pending disposition of that motion, the reference shall stand withdrawn unless the court orders otherwise (or it has ordered otherwise pursuant to the following paragraph).  It is further

ORDERED that the district court judge assigned this matter may refer to the bankruptcy court to hear in accordance with 28 U.S.C. § 157(c) any aspects of the non-Investor-Related Claims that the district court judge deems appropriate.  It is further

ORDERED that the clerk of the bankruptcy court transmit to the clerk of the district court a copy of the entire set of the papers that have been filed in the adversary proceeding.

_____
Thomas F. Hogan
Chief Judge
United States District Court

Copies to: All counsel of record; Clerk, Bankruptcy Court;
Honorable S. Martin Teel, Jr.